**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2715-18T3

VICTORIA HARVEY,
f/k/a VICTORIA ROYSTER,

      Plaintiff-Respondent,

v.

SCOTT R. ROYSTER, SR.,

      Defendant-Appellant.

_____

Submitted May 11, 2020 – Decided July 20, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0233-08.

Scott R. Royster, Sr., appellant pro se.

Pasquale Marago, attorney for respondent.

PER CURIAM

      Defendant Scott R. Royster, Sr., married plaintiff, Victoria Harvey, formerly known as Victoria Royster, in 1993. The final judgment of divorce

(JOD) entered in April 2009 recognized the parties' "verbal [a]greement," which was reduced to writing and annexed to and incorporated into the JOD. The agreement provided for defendant to pay child support on behalf of the parties' only child, a son, and share all post-high school education expenses equally with plaintiff. The agreement also defined emancipation as the parties' son "[r]eaching the age of eighteen years or the completion of four continuous academic years of college education, whichever last occurs[,]" or, if he married.

In August 2018, defendant filed a motion to terminate child support and declare the parties' son emancipated as of May 17, 2018, the purported day he completed four continuous years of college education at Kean University. Defendant also sought to be relieved of certain provisions in a March 2015 order that set his support arrears and also required defendant to "personally obtain[] information and documentation pertaining to [the parties' son's] financial aid, scholarships, and student loans[.]" The March 2015 order also required plaintiff to furnish financial information regarding personal loans she obtained to defray the college costs if the "information [was] not personally accessible to [defendant.]"

In his motion, defendant asserted that plaintiff had failed to provide the financial information, despite an interim order in April 2017 that required

plaintiff to "provide . . . a full accounting of the parties' son's education" costs. Defendant pointed to a subsequent June 30, 2017 order, in which the court denied plaintiff's motion to compel payment of college expenses, finding she had "fail[ed] to provide documentation from Kean University regarding the payment of . . . college expenses."

Plaintiff cross-moved, stating she did not oppose emancipation of the parties' son but asserted the actual date he completed his studies was July 28, 2018. Plaintiff also moved to compel defendant to pay his share of college expenses. She noted the court's November 2017 order denied defendant's application to reduce support arrears and re-asserted his obligations under the March 2015 order. In a written statement of reasons supporting the November 2017 order, the judge noted that plaintiff had furnished "an actual payment history log for Kean University, including payments from the Direct PLUS [l]oan." The judge found defendant could make his share of loan "payments directly to the lender[,]" and she included that provision in the November 2017 order.

In support of her cross-motion, plaintiff furnished a spreadsheet that she had supplied to the judge prior to entry of the November 2017 order. She contended it demonstrated the amount of college expenses and how they were

3

paid. Plaintiff stated that defendant still owed his fifty percent share of college expenses and urged the judge to order defendant to immediately reimburse her and award counsel fees. In opposing defendant's motions, plaintiff correctly observed that any challenge to the March 2015 order and any interim order was untimely.

Both parties were represented by counsel when they appeared to argue the motion and cross-motion in November 2018, after which the judge reserved decision.

The January 16, 2019 order that resulted (the January 2019 order) granted defendant's motion to declare the parties' son emancipated as of July 28, 2018, the date plaintiff asserted, terminated defendant's child support obligations as of that date, and granted him credit for any payments made after that date. The judge denied defendant's motion to reconsider the March 2015 order, which included a provision that added more than $14,000 to defendant's child support arrears as reimbursement to plaintiff for a loan she used to pay college expenses. The judge also granted plaintiff's request that defendant reimburse her more than $56,000, representing his share of college expenses. The judge then subtracted the amount previously ordered as arrears minus actual payments defendant made, for a total of $43,904 in additional arrears. In addition, the order required

defendant to purchase $75,000 in life insurance to secure his support arrears obligations. The order also enforced a prior counsel fee award of $1500 entered against defendant in the March 2015 order and provided for an additional $2000 award of counsel fees "associated with th[e] motion[.]"

Defendant appeals from certain provisions of the January 2019 order.[1] First, he challenges the judge's award of more than $56,000 as defendant's share of unreimbursed college expenses, claiming that plaintiff failed to demonstrate she actually expended the money, and the judge failed to consider all the factors set out by the Court in <u>Newburgh v. Arrigo</u>, 88 N.J. 529, 545 (1982).[2] Defendant

---

[1] Defendant's brief refers to, and he has furnished transcripts of, subsequent proceedings in the Family Part on March 4 and 15, 2019, after entry of the January 2019 order. Defendant's notice of appeal was filed before those proceedings occurred and was never amended. His notice of appeal only seeks review of one order, the January 16, 2019 order. Under <u>Rule</u> 2:5-1(f), "it is only the orders designated in the notice of appeal that are subject to the appeal process and review." <u>Petersen v. Meggitt</u>, 407 N.J. Super. 63, 68 n.2 (App. Div. 2009) (quoting <u>W.H. Indus., Inc. v. Fundicao Balancins, Ltda</u>, 397 N.J. Super. 455, 458 (App. Div. 2008)). We, therefore, review only the January 16, 2019 order and will not consider any other orders or proceedings resulting in those orders.

[2] In <u>Newburgh</u>, the Court said:

> In evaluating the claim for contribution toward the cost of higher education, courts should consider all relevant factors, including (1) whether the parent, if still living with the child, would have contributed toward the costs of the requested higher education; (2)

next argues the counsel fee award should be set aside because defendant prevailed on his motion to emancipate the parties' son, and the judge failed to consider properly the factors contained in Rule 5:3-5(c). Lastly, defendant argues the judge's order was the result of "bias."[3] We have considered these

> the effect of the background, values and goals of the parent on the reasonableness of the expectation of the child for higher education; (3) the amount of the contribution sought by the child for the cost of higher education; (4) the ability of the parent to pay that cost; (5) the relationship of the requested contribution to the kind of school or course of study sought by the child; (6) the financial resources of both parents; (7) the commitment to and aptitude of the child for the requested education; (8) the financial resources of the child, including assets owned individually or held in custodianship or trust; (9) the ability of the child to earn income during the school year or on vacation; (10) the availability of financial aid in the form of college grants and loans; (11) the child's relationship to the paying parent, including mutual affection and shared goals as well as responsiveness to parental advice and guidance; and (12) the relationship of the education requested to any prior training and to the overall long-range goals of the child.
>
> [88 N.J. at 545.]

[3] Defendant does not appeal from that part of the January 2019 order requiring him to obtain life insurance as security for his obligations, but only challenges the provision of a subsequent order entered on March 18, 2019, that required defendant to purchase the policy from "[p]laintiff's life insurance agent[.]" As already noted, that order is not properly before us.

arguments and affirm, substantially for the reasons expressed by the judge in the comprehensive statement of reasons that accompanied the January 2019 order.

The judge properly determined that to the extent defendant sought reconsideration of the March 2015 or the November 2017 order, the motion was untimely. As the judge noted, Rule 4:49-2 requires that motions for reconsideration be filed within twenty days after receipt of the judgment or order. We note that the time limit may not be relaxed. R. 1:3-4(c). Defendant's motion was filed months later, in August 2018.

The judge rejected defendant's claim that plaintiff failed to comply with prior orders requiring her to furnish proof of the college expenses and found that she had paid them and was entitled to reimbursement. The judge found that plaintiff had "submit[ted] detailed spreadsheets that document the costs and . . . provide[d] copies of documents to back up the information[.]" The judge noted that rather than demonstrating errors or "inconsistencies" within the documents, defendant "simply contends that the information is hard to follow."

We note that during oral argument on the motion and cross-motion, this was defense counsel's primary contention. Moreover, defendant never argued in the Family Part that the judge was required to consider the Newburgh factors before enforcing the JOD's agreement that the parties share equally in the costs.

7                                                    A-2715-18T3

To the extent defendant now makes the argument, we refuse to consider it. See, e.g., E.S. v. H.A., 451 N.J. Super. 374, 382–83 (App. Div. 2017) (noting appellate courts' usual refusal to consider issues not raised in the Family Part, as well as rare exceptions, none of which apply here. (citations omitted)).

The judge concluded there was no reason to deny plaintiff the relief she sought in her cross-motion, but he directed plaintiff "to answer any specific questions or arguments that [defendant] has regarding the expenses." The judge also ordered the parties to resolve any disputes through written exchanges, but "[i]f the parties cannot reach agreement, [defendant] may make a future application to address any specific expenses that he submits should be removed from his arrears obligation."

The spreadsheets are part of the appellate record. Defendant now questions some of the entries. However, on the motion record the judge actually confronted, we agree completely with the judge's reasoning. There was adequate support for the judge's factual findings and legal conclusions, and we defer to them. See, e.g., Thieme v. Aucoin-Thieme, 227 N.J. 269, 282–83 (2016) ("We review the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'" (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998))).

8

Finally, the judge properly addressed the counsel fees issue by considering the factors listed in Rule 5:3-5(c). And, while defendant correctly notes he succeeded in having the parties' son declared emancipated, the judge found that plaintiff's "requests were reasonable and were granted." This supported the judge's conclusion that factor three under the Rule, i.e., "the reasonableness and good faith of the positions advanced by the parties[,]" justified the award. The judge also considered defendant's failure to have paid a prior counsel fee award.

"We will disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Certainly, "[b]ad faith and assertion of an unreasonable position is properly considered in awarding a counsel fee[.]" Diehl v. Diehl, 389 N.J. Super. 443, 455 (App. Div. 2006).

Defendant's continued assertion of untimely challenges to prior orders, while at the same time continuing to accrue significant arrearages, supported a finding of unreasonableness. The judge awarded plaintiff much less than she sought, and we cannot conclude the judge mistakenly exercised his broad discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2715-18T3